IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NIA GIBSON, on behalf of herself and similarly situated employees, | : : : | CIVIL ACTION |
| Plaintiff, | : | FILED ELECTRONICALLY |
| v. | : | ON JULY 7, 2026 |
|  | : |  |
| BELIEVE HOME CARE LLC, | : | CLASS/COLLECTIVE ACTION |
| Defendant. | : |  |
|  | : |  |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Nia Gibson ("Plaintiff") brings this lawsuit against Believe Home Care LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

### JURISDICTION AND VENUE

1.    Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.    Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

4.    Plaintiff resides in Warrington, PA (Bucks County).

5.    Defendant is a corporate entity that, according to paystubs issued to Plaintiff, is

headquartered at 196 West Ashland Street, Suite 310, Doylestown, PA 18901 (Bucks County).

6.      Plaintiff is an employee covered by the FLSA and PMWA.

7.      Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8.      Defendant owns and operates a business that provides home care services to clients in and around Southeastern Pennsylvania.  According to Defendant's website, "[h]ome care is when a professional caregiver comes to you, your loved one, to provide companionship and/or assistance with light housekeeping, laundry, meal preparation, medication reminders, transportation and/or grocery shopping/errands."[1]

9.      Defendant's home care services include "Live-In Senior Care."  According to Defendant's website, "Live-in senior care means one consistent, trained caregiver lives in the home continuously for weeks or months or years providing your loved one assistance with meals & meds, homemaking, scheduled events and transportation; and, if needed hands-on personal care like bathing and mobility assistance."[2]

10.     Defendant employs workers who provide live-in senior care services to Defendant's clients.  On its website, Defendant refers to such individuals as "live-in caregivers."[3]  We'll use the same terminology in this Complaint.

11.     Plaintiff has worked for Defendant as a live-in caregiver since around February 2025.

12.     Plaintiff, like other live-in caregivers, works over 40 hours per week. Specifically, Plaintiff usually works 13 hours per day and 7 days per week.

---

[1]  https://www.believehomecare.com/faq.html (last visited 7/6/26).
[2]  https://www.believehomecare.com/live-in-and-24-hour-home-care.html (last visited 7/6/26).
[3]  *Id.*

13.     Defendant generally pays Plaintiff $220 for each 13-hour day she works.  For example, during the two-week pay period ending on March 2, 2025, Plaintiff was credited with working 14 days as a live-in caregiver and was paid $3,080 (14 days X $220) for such work. Meanwhile, during the two-week pay period ending on June 7, 2026, Plaintiff was credited with working 13 days as a live-in caregiver and was paid $2,860 (13 days X $220) for such work.

14.     It is unclear whether Defendant considers Plaintiff a "day-rate" employee earning a daily wage of $220 or an "hourly" employee earning an hourly wage of $16.92 ($220 *divided by* 13 hours).  Regardless of the characterization, Plaintiff does not receive any extra wages for hours worked over 40 per week.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings her FLSA claim as a collective action per 29 U.S.C. § 216(b) and brings her PMWA claim as a class action per Federal Rule of Civil Procedure 23.  She sues on behalf of all individuals who have worked for Defendant as live-in caregivers during any time since July 7, 2023.[4]

16.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

---

[4]  This Court regularly observes that a mandatory three-year limitations period applies to PMWA claims.  *See*, *e.g.*, *Garcia v. Vertical Screen, Inc.*, 580 F. Supp. 3d 79, 91 n. 7 (E.D. Pa. 2022); *Caucci v. Prison Health Services, Inc.*, 153 F. Supp. 2d 605, 610 (E.D. Pa. 2001). However, in a pending appeal styled *Commonwealth Dept. of Labor & Industry v. Accuserve Pharmacy, Inc.*, No. 1280 CD 2024, the Pennsylvania Commonwealth Court is considering whether a six-year limitations period applies to PMWA claims.  If the Commonwealth Court endorses a six-year limitations period, then Plaintiff will argue that the Rule 23 class extends backwards to July 7, 2020.

17.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

18.     The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

19.     Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

20.     Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

21.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

22.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

23.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

24.     In failing to pay Plaintiff and other collective members overtime premium wages for hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of

4

clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

### COUNT II – PMWA

25.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

26.     Defendant has violated the PMWA by failing to pay Plaintiff and other class members overtime premium wages for hours worked over 40 per week.

### PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages to the fullest extent permitted under the FLSA;

C.     Litigation costs, expenses, and attorneys' fees; and

D.     Such other and further relief as the Court deems just and proper.


Date:  July 7, 2026

Respectfully,

_____
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

5

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

07/07/2026

_____

Date

*Nia Gibson*

_____

Signature

The signed document can be validated at https://app.vinesign.com/Verify